## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LUIS GONZALES, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Docket No.: 3:06CR268 (PCD) |
| | : | Docket No.: 3:09CV1342 (PCD) |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |

### <u>RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE</u>

On August 24, 2009, Petitioner Luis Gonzales filed a motion pursuant to 28 U.S.C. §

2255 to vacate, set aside, or correct the 100-month term of imprisonment to which he was

sentenced by this Court on February 28, 2008, following his conviction for conspiracy to possess

with intent to distribute a mixture and substance containing a detectable amount of cocaine base.

For the reasons that follow, Petitioner's motion [Doc. No. 1] is hereby **denied.**

## I.       BACKGROUND

On October 4, 2006, a federal grand jury in Bridgeport, Connecticut, returned an

indictment charging Petitioner and thirty-four others with various narcotics offenses.  Petitioner

Gonzales was charged in count one with conspiracy to distribute five grams or more of cocaine

base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846.  The Petitioner was detained

in state custody on July 28, 2006, as the result of an unrelated state case and remained in state

custody during the pendency of the federal case.  On August 24, 2007, Petitioner waived his right

to be indicted and pleaded guilty to a one count substitute information, charging him with

conspiracy to possess with intent to distribute, and to distribute, a mixture and substance

containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(c), and 846.  The information did not allege any specific quantity of cocaine base.

Therefore, it did not carry a mandatory minimum sentence.  On February 29, 2008, Petitioner was sentenced to 120 months imprisonment and 5 years' supervised release.  On March 6, 2008, the Court issued an amended judgment, reducing the term of imprisonment to 100 months to give Petitioner credit for 20 months served in state custody.  Petitioner appealed and the Second Circuit affirmed his conviction by summary order dated June 9, 2009.

Petitioner now moves to vacate, set aside, or correct his sentence, claiming ineffective assistance of sentencing counsel.  Petitioner argues that his counsel was ineffective because he failed to 1) adequately communicate with Petitioner before sentencing, 2) challenge inaccuracies in the pre-sentence report ("PSR") and Petitioner's designation as a career offender; and 3) argue for a 1-1 sentencing ratio of crack to powder cocaine.

## II.    DISCUSSION

Pursuant to Petitioner's guilty plea, the parties stipulated that the quantity of cocaine base commensurate with the Petitioner's conduct was 5-20 grams and the Government recommended a three-level reduction for acceptance of responsibility.  The parties also agreed that under U.S.S.G. § 4A1.1, Petitioner was in Criminal History Category VI.  Therefore, based on the adjusted offense level of 23 and Criminal History Category VI, Petitioner faced a guideline range of 92-115 months.  However, the parties also indicated that under U.S.S.G. § 4B1.1(a), Petitioner appeared to be a career offender based on prior Connecticut felony convictions for sale of narcotics, larceny, and robbery.  The career offender designation adjusted his offense level to 29 and his guideline range to 151-188 months.  Petitioner reserved his right to challenge the career offender designation.

Based on the parties' stipulation, the PSR found that the base offense level was 26 and

agreed that Petitioner fell within the Criminal History Category VI.  Category VI requires 13 or

more criminal history points and Petitioner had 24 criminal history points, 22 of which were

countable.  The PSR also concluded that Petitioner was a career offender due to four qualifying

convictions.

### A. Career Offender Status

Petitioner argues that because counsel failed to challenge certain facts in the PSR, as well

as his designation as a career offender, the Court miscalculated the applicable guideline range.

Petitioner seems to argue that his prior convictions for robbery and larceny do not count as

convictions under U.S.S.G. § 4B1.1 because they were the result of Alford pleas[1] and because he

was 17 at the time of the first conviction.  However, "if the defendant was convicted as an adult

and received a sentence of imprisonment exceeding one year and one month" the conviction

counts towards career offender status. (U.S.S.G. § 4A1.2(d), incorporated into U.S.S.G.§ 4B1.)

Furthermore, career offender status is determined by prior  convictions, not whether a

Defendant has admitted guilt to prior offenses.  "An Alford plea results in a conviction" that can

be used as a predicate offense under U.S.S.G. § 4B1.1(a).  United States v. Bryant, 203 Fed.

Appx. 41, 43 (9th Cir. 2006); see also U.S. v. Madera, 521 F. Supp. 2d 149, 152 (D. Conn. 2007)

(holding that an Alford plea results in a conviction that can be used as a predicate offense under

the Armed Career Criminal Act); Burrell v. United States, 384 F.3d 22, 28 (2d Cir. 2004)

(holding that Connecticut judgment based on an Alford plea constituted a conviction within the

meaning of the Federal Firearms Statute, and noting that under Connecticut law the only

distinction between an Alford plea and a standard guilty plea is in the evidentiary use that can be

---

[1]See North Carolina v. Alford, 400 U.S. 25 (1970).

made of these pleas as factual admissions, and not of the fact of conviction); <u>Abimbola v.</u>

<u>Ashcroft</u>, 378 F.3d 173, 181 (2d Cir. 2004) (holding that <u>Alford</u> pleas result in a conviction for

the purposes of the Immigration and Nationality Act).

**B. Crack Cocaine and Powder Cocaine Disparity**

Petitioner argues that counsel was ineffective for failing to argue that a lower sentence

was appropriate based on the 100-to-1 sentencing ratio between crack and powder cocaine.

However, counsel made this exact argument in the sentencing memorandum he submitted to the

Court on February 25, 2008.  (Sentencing Memorandum by Luis Gonzalez, filed by Jeffery

Kestenband, at 10-12 [Doc. No. 1160].)  This argument failed as Petitioner was not sentenced

based on the quantity of crack cocaine he possessed under U.S.S.G. § 2D1.1, but as a career

offender under U.S.S.G. § 4B1.1.  Furthermore, counsel's request for a non-guideline sentence

based on Congress' intent, as well as factors particular to Petitioner, was granted.

**C. PSR and the Availability of Counsel**

Petitioner argues that counsel was ineffective because he was unavailable until the day

before sentencing and therefore did not adequately investigate Petitioner's claims that the PSR

was incorrect and incomplete.  Petitioner wrote the Court prior to sentencing complaining about

counsel's lack of availability.  However, at sentencing, when the Court asked whether the issues

with counsel had been resolved, Petitioner answered yes.

Furthermore, at sentencing, the Court asked Petitioner whether he had read the PSR and

whether the information it contained was correct.  Petitioner answered that the information was

correct but that he found it "a little lacking" because it "didn't really cover who I am."  (Tr.

2/28/08 at 3-6.)  Petitioner was then given the opportunity to supplement the PSR and addressed

-4-

the Court to explain the positive steps he was taking and his outlook for the future. (Id. at 8-12.) Defense counsel also presented arguments about Petitioner's intelligence and potential for success. (Id. at 20-21.) The Court then did, in fact, impose a below guideline sentence, based in part on Petitioner's personal characteristics, including his motivation to change his life, substance abuse issues, and the Court's recognition that recidivism was less likely than Petitioner's criminal history suggested. (Id. at 55-57.) Based on this record, it is clear that both Petitioner and counsel were successful in supplementing the PSR and convincing the Court that Petitioner deserved a below guideline sentence. Any issues of access were resolved prior to sentencing. Based on the sentencing record, Petitioner suffered no prejudice, but was in fact successful in illustrating that he deserved a below guideline sentence.

## III.     CONCLUSION

In sum, petitioner's claims of ineffective assistance of counsel are without merit. Despite a guideline range of 151-188 months, Petitioner received a 100 month sentence, in part due to the efforts of his counsel. Furthermore, as Petitioner received a sentence 51 months below the guideline range, it is hard to imagine that he suffered prejudice from any alleged deficiencies by counsel under Strickland v. Washington, 466 U.S. 668, 694 (1984).[2] For the foregoing reasons, Petitioner's motion [Doc. No. 1] is **denied.** The clerk shall close the case.

SO ORDERED.

Dated at New Haven, Connecticut, this 19th day of February, 2010.

---

[2] Under Strickland, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court

-6-